## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HTC CORPORATION,<br><br>        **Plaintiff,**<br><br>  **v.**<br><br>**APPLE INC.,**<br><br>        **Defendant.** | **C.A. No.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, HTC Corporation ("HTC"), for its Complaint against Defendant, Apple Inc. ("Apple"), hereby alleges as follows:

## PARTIES

1.      HTC is a corporation organized and existing under the laws of Taiwan, R.O.C., with its principal place of business at 23 Xinghua Rd., Taoyuan City, Taoyuan County 330, Taiwan, R.O.C.

2.      On information and belief, Apple is a corporation organized under the laws of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION

3.      All of these claims arise under the patent laws of the United States, 35 U.S.C. §§ 100 et seq.  The Court has federal question jurisdiction under 28 U.S.C. § 1331 and exclusive original jurisdiction under 28 U.S.C. § 1338(a).

4.      The District of Delaware has personal jurisdiction over Apple because it has established minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  Apple has engaged in substantial, continuous, and systematic economic activity in Delaware via, inter alia, its in-state Apple Retail Store and the Apple Online Store.  Apple, directly and through third-parties, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within Delaware.  In addition, Apple, directly and through its distributors, regularly places its products into the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware.  Apple has also caused tortious injury in Delaware by committing patent infringement within and outside of Delaware that has affected people and entities within Delaware.  Finally, Apple has repeatedly availed itself of this forum by filing litigation in this Court, including four separate actions against HTC and related entities since early 2010.

## **VENUE**

5.      Venue is proper in the District of Delaware because Apple resides in this District within the meaning of 28 U.S.C. § 1391(c).

6.      Venue is also proper in the District of Delaware under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

7.      Venue is also proper in the District of Delaware under 28 U.S.C. § 1400 because Apple resides in and has committed acts of patent infringement and has a regular and established place of business in this District.

## NATURE OF THE ACTION

8.      HTC seeks remedies for Apple's infringement of U.S. Patent Nos. 5,418,524

("the '524 patent"), 5,630,152 ("the '152 patent"), 5,630,159 ("the '159 patent"), and 5,302,947

("the '947 patent") (collectively "the Asserted Patents").

9.      On information and belief, Apple has infringed and continues to infringe one or

more claims of the Asserted Patents by engaging in acts that constitute infringement under 35

U.S.C. § 271, including, but not limited to, making, using, selling, and/or offering for sale within

the United States, and/or importing into the United States, one or more consumer products,

including, for example and without limitation, personal computers (such as the MacBook,

MacBook Pro, iMac, and Mac Mini), mobile communications devices (such as the iPhone,

iPhone 3G, iPhone 3GS, and iPhone 4), and mobile computing devices (such as the iPod, iPod

Nano, iPod Shuffle, iPod Touch, iPad, and iPad 2), alone and/or in combination with software

and services (such as .Mac, MobileMe, iCloud, iTunes) (collectively "the Accused Products").

## COUNT I
### (Infringement of the '524 Patent)

10.     HTC repeats and realleges paragraphs 1-9 as if fully set forth herein.

11.     The '524 patent, entitled "Method and apparatus for over-the-air upgrading of

radio modem application software," was duly and legally issued on May 23, 1995, by the United

States Patent and Trademark Office.  A copy of the '524 patent is attached hereto as Exhibit A.

12.     HTC owns by assignment all rights, title, and interest in the '524 patent, including

the right to bring this suit for injunctive relief and damages.

13.     Apple has infringed and is infringing directly the '524 patent by making, using,

selling, offering for sale, and/or importing, without authority, products, alone and/or in

combination with software and services, covered by one or more claims of the '524 patent, including, but not limited to, some or all of the Accused Products.

14.     Apple has contributed to and/or induced, and will continue to contribute to and/or induce, the direct infringement of the '524 patent by others in the United States by making, using, selling, offering for sale, and/or importing, without authority, products, alone and/or in combination with software and services, covered by one or more claims of the '524 patent, including, but not limited to, some or all of the Accused Products.

15.     HTC has been and continues to be damaged by Apple's infringement of the '524 patent in an amount to be determined at trial.

16.     HTC has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '524 patent is enjoined by this Court.

17.     Upon information and belief, Apple has received actual notice of its infringement of the '524 patent at least as of the filing date of the Complaint, if not earlier, and Apple's infringement of the '524 patent, together with other conduct, renders this case exceptional and, under 35 U.S.C. § 285, entitles HTC to its reasonable attorney fees and costs incurred in prosecuting this action.

## COUNT II
### (Infringement of the '152 Patent)

18.     HTC repeats and realleges paragraphs 1-9 as if fully set forth herein.

19.     The '152 patent, entitled "Communication protocol between master and slave device with register information sharing," was duly and legally issued on May 13, 1997,  by the

United States Patent and Trademark Office.  A copy of the '152 patent is attached hereto as Exhibit B.

20.     HTC owns by assignment all rights, title, and interest in the '152 patent, including the right to bring this suit for injunctive relief and damages.

21.     Apple has infringed and is infringing directly the '152 patent by making, using, selling, offering for sale, and/or importing, without authority, products, alone and/or in combination with software and services, covered by one or more claims of the '152 patent, including, but not limited to, some or all of the Accused Products.

22.     Apple has contributed to and/or induced, and will continue to contribute to and/or induce, the direct infringement of the '152 patent by others in the United States by making, using, selling, offering for sale, and/or importing, without authority, products, alone and/or in combination with software and services, covered by one or more claims of the '152 patent, including, but not limited to, some or all of the Accused Products.

23.     HTC has been and continues to be damaged by Apple's infringement of the '152 Patent in an amount to be determined at trial.

24.     HTC has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '152 patent is enjoined by this Court.

25.     Upon information and belief, Apple has received actual notice of its infringement of the '152 patent at least as of the filing date of the Complaint, if not earlier, and Apple's infringement of the '152 patent, together with other conduct, renders this case exceptional and, under 35 U.S.C. § 285, entitles HTC to its reasonable attorney fees and costs incurred in prosecuting this action.

## COUNT III

### (Infringement of the '159 Patent)

26.     HTC repeats and realleges paragraphs 1-9 as if fully set forth herein.

27.     The '159 patent, entitled "Method and apparatus for personal attribute selection having delay management method and apparatus for preference establishment when preferences in a donor device are unavailable," was duly and legally issued on May 13, 1997,  by the United States Patent and Trademark Office.  A copy of the '159 patent is attached hereto as Exhibit C.

28.     HTC owns by assignment all rights, title, and interest in the '159 patent, including the right to bring this suit for injunctive relief and damages.

29.     Apple has infringed and is infringing directly the '159 patent by making, using, selling, offering for sale, and/or importing, without authority, products, alone and/or in combination with software and services, covered by one or more claims of the '159 patent, including, but not limited to, some or all of the Accused Products.

30.     Apple has contributed to and/or induced, and will continue to contribute to and/or induce, the direct infringement of the '159 patent by others in the United States by making, using, selling, offering for sale, and/or importing, without authority, products, alone and/or in combination with software and services, covered by one or more claims of the '159 patent, including, but not limited to, some or all of the Accused Products.

31.     HTC has been and continues to be damaged by Apple's infringement of the '159 patent in an amount to be determined at trial.

32.     HTC has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '159 patent is enjoined by this Court.

33.    Upon information and belief, Apple has received actual notice of its infringement of the '159 patent at least as of the filing date of the Complaint, if not earlier, and Apple's infringement of the '159 patent, together with other conduct, renders this case exceptional and, under 35 U.S.C. § 285, entitles HTC to its reasonable attorney fees and costs incurred in prosecuting this action.

## COUNT IV
### (Infringement of the '947 Patent)

34.    HTC repeats and realleges paragraphs 1-9 as if fully set forth herein.

35.    The '947 patent, entitled "Method and apparatus for loading a software program from an radio modem into an external computer," was duly and legally issued on April 12, 1994, by the United States Patent and Trademark Office.  A copy of the '947 patent is attached hereto as Exhibit D.

36.    HTC owns by assignment all rights, title, and interest in the '947 patent, including the right to bring this suit for injunctive relief and damages.

37.    Apple has infringed and is infringing directly the '947 patent by making, using, selling, offering for sale, and/or importing, without authority, products, alone and/or in combination with software and services, covered by one or more claims of the '947 patent, including, but not limited to, some or all of the Accused Products.

38.    Apple has contributed to and/or induced, and will continue to contribute to and/or induce, the direct infringement of the '947 patent by others in the United States by making, using, selling, offering for sale, and/or importing, without authority, products, alone and/or in combination with software and services, covered by one or more claims of the '947 patent, including, but not limited to, some or all of the Accused Products.

39.     HTC has been and continues to be damaged by Apple's infringement of the '947 patent in an amount to be determined at trial.

40.     HTC has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Apple's infringement of the '947 patent is enjoined by this Court.

41.     Upon information and belief, Apple has received actual notice of its infringement of the '947 patent at least as of the filing date of the Complaint, if not earlier, and Apple's infringement of the '947 patent, together with other conduct, renders this case exceptional and, under 35 U.S.C. § 285, entitles HTC to its reasonable attorney fees and costs incurred in prosecuting this action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, HTC demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, HTC prays that this Court enter judgment:

42.     That Apple has infringed each and every one of the Asserted Patents;

43.     That Apple and Apple's officers, agents, and employees, and those persons in active concert or participation with any of them, and their successors and assigns, be permanently enjoined from infringement, contributory infringement, and inducement of infringement of each and every one of the Asserted Patents, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products or services that infringe any of the Asserted Patents;

44.     That HTC be awarded all damages adequate to compensate it for Apple's

infringement of the Asserted Patents, such damages to be determined by a jury; and, if necessary

to compensate HTC adequately for Apple's infringement, that an accounting be ordered;

45.     That HTC be awarded treble damages under 35 U.S.C. § 284 as well as

pre-judgment and post-judgment interest at the maximum rate allowed by law;

46.     That this case be found exceptional under 35 U.S.C. § 285 and that reasonable

attorney fees be awarded to HTC;

47.     That costs and expenses be awarded to HTC; and

48.     That the Court grant HTC all other such relief as the Court may deem just and

appropriate.


Dated: September 7, 2011

*Of Counsel:*

Thomas W. Winland
Steven M. Anzalone
Don O. Burley
John R. Alison
**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
901 New York Avenue, N.W.
Washington, D.C.  20001
(202) 408-4000

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*
_____
John W. Shaw (#3362) *[jshaw@ycst.com]*
Karen L. Pascale (#2903) [*kpascale@ycst.com]*
Karen E. Keller (#4489) [*kkeller@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Plaintiff HTC Corporation*