IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HTC CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant | Civil Action No.: 1:11-cv-00785-GMS<br><br>Demand for Jury Trial |

# APPLE INC.'S ANSWER AND COUNTERCLAIMS TO HTC CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant, Apple Inc., ("Apple") submits its Answer, Affirmative Defenses, and Counterclaims to Plaintiff HTC Corporation's ("HTC") Complaint, as follows:

## PARTIES

1. Upon information and belief, Apple admits the allegations contained in Paragraph 1 of the Complaint.

2. Apple admits the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION

3. Apple admits that Plaintiff's Complaint purports to arise under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, but denies that there is any factual or legal basis for any of Plaintiff's claims. Apple further admits that the Court has federal question jurisdiction under 28 U.S.C. § 1331 and exclusive original jurisdiction under 28 U.S.C. § 1338(a). Except as expressly admitted, Apple denies the allegations contained in Paragraph 3 of the Complaint.

4. Apple admits that the District of Delaware has personal jurisdiction over Apple in this case. Apple further admits that it has engaged in economic activity in Delaware through its in-state Apple Retail Store and the Apple Online Store. Apple also admits that Apple products are placed into the stream of commerce with the understanding that such products will be sold in Delaware. Apple admits that it has availed itself of this forum. However, Apple denies that it has caused tortuous injury in Delaware by committing acts of patent infringement within and outside of Delaware that has affected people and entities within Delaware. Except as expressly admitted, Apple denies the remaining allegations in Paragraph 4 of the Complaint.

## **VENUE**

5. Apple admits that venue is proper under 28 U.S.C. § 1391(c).

6. Apple admits that venue is proper under 28 U.S.C. § 1391(b), but denies that it has engaged in any acts of patent infringement in this District or any other.

7. Apple admits that venue is proper under 28 U.S.C. § 1400 because Apple has a regular and established place of business in Delaware. Except as expressly admitted, Apple denies the remaining allegations contained in Paragraph 7 of the Complaint.

## **NATURE OF THE ACTION**

8. Apple admits that HTC purports to seek remedies for Apple's alleged infringement of U.S. Patent Nos. 5,418,524 ("the '524 patent"), 5,630,152 ("the '152 patent"), 5,630,159 ("the '159 patent"), 5, 302, 947 ("the '947 patent") (collectively "the Asserted Patents"), but denies that Apple has infringed any of the Asserted Patents.

9. Apple denies the allegations contained in Paragraph 9 of the Complaint.

## COUNT I
**(Infringement of the '524 Patent)**

10. Apple repeats its responses to Paragraphs 1-9 of the Complaint as if fully set forth herein.

11. Apple admits that a copy of what purports to be the '524 patent, entitled "Method and apparatus for over-the air upgrading of radio modem application software," was attached as Exhibit A to the Complaint. Apple admits that the first page of the '524 patent identifies an issue date of May 23, 1995. Except as expressly admitted, Apple denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and on that basis, denies them.

13. Apple denies the allegations contained in Paragraph 13 of the Complaint.

14. Apple denies the allegations contained in Paragraph 14 of the Complaint.

15. Apple denies the allegations contained in Paragraph 15 of the Complaint.

16. Apple denies the allegations contained in Paragraph 16 of the Complaint.

17. Apple admits that it received notice of alleged infringement of the '524 patent shortly after the Complaint was served on Apple. Apple denies the remaining allegations contained in Paragraph 17 of the Complaint.

## COUNT II
**(Infringement of the '152 Patent)**

18. Apple repeats its responses to Paragraphs 1-9 of the Complaint as if fully set forth herein.

19. Apple admits that a copy of what purports to be the '152 patent, entitled "Communication protocol between master and slave device with register information sharing," was attached as Exhibit B to the Complaint. Apple admits that the first page of the '152 patent identifies an issue date of May 13, 1997. Except as expressly admitted, Apple denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and on that basis, denies them.

21. Apple denies the allegations contained in Paragraph 21 of the Complaint.

22. Apple denies the allegations contained in Paragraph 22 of the Complaint.

23. Apple denies the allegations contained in Paragraph 23 of the Complaint.

24. Apple denies the allegations contained in Paragraph 24 of the Complaint.

25. Apple admits that it received notice of alleged infringement of the '152 patent shortly after the Complaint was served on Apple. Apple denies the remaining allegations contained in Paragraph 25 of the Complaint.

## COUNT III
### (Infringement of the '159 Patent)

26. Apple repeats its responses to Paragraphs 1-9 of the Complaint as if fully set forth herein.

27. Apple admits that a copy of what purports to be the '159 patent, entitled "Method and apparatus for personal attribute selection having delay management method and apparatus for preference establishment when preferences in a donor device are unavailable," was attached as Exhibit C to the Complaint. Apple admits that the first page of the '159 patent identifies an issue date of May 13, 1997. Except as expressly admitted, Apple denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and on that basis, denies them.

29. Apple denies the allegations contained in Paragraph 29 of the Complaint.

30. Apple denies the allegations contained in Paragraph 30 of the Complaint.

31. Apple denies the allegations contained in Paragraph 31 of the Complaint.

32. Apple denies the allegations contained in Paragraph 32 of the Complaint.

33. Apple admits that it received notice of alleged infringement of the '159 patent shortly after the Complaint was served on Apple. Apple denies the remaining allegations contained in Paragraph 33 of the Complaint.

## COUNT IV
### (Infringement of the '947 Patent)

34. Apple repeats its responses to Paragraphs 1-9 of the Complaint as if fully set forth herein.

35. Apple admits that a copy of what purports to be the '947 patent, entitled "Method and apparatus for loading a software program from an radio modem into an external computer," was attached as Exhibit D to the Complaint. Apple admits that the first page of the '152 patent identifies an issue date of April 12, 1994. Except as expressly admitted, Apple denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and on that basis, deny them.

37. Apple denies the allegations contained in Paragraph 37 of the Complaint.

38. Apple denies the allegations contained in Paragraph 38 of the Complaint.

39. Apple denies the allegations contained in Paragraph 39 of the Complaint.

40. Apple denies the allegations contained in Paragraph 40 of the Complaint.

41. Apple admits that it received notice of alleged infringement of the '947 patent shortly after the Complaint was served on Apple. Apple denies the remaining allegations contained in Paragraph 41 of the Complaint.

## DEMAND FOR JURY TRIAL

No response is required to Plaintiff's Demand For Jury Trial.

## PRAYER FOR RELIEF

Apple denies that Plaintiff is entitled to any relief whatsoever from Apple or the Court, either as prayed for in Plaintiff's Complaint or otherwise. To the extent that paragraphs 42-48 under Plaintiff's Prayer For Relief are interpreted to contain any factual allegations, Apple denies them.

## GENERAL DENIAL

Apple further denies each allegation contained in Plaintiff's Complaint that was not specifically admitted, denied, or otherwise responded to in this Answer to Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

Apple alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defense are denominated herein. In addition to the affirmative defenses described below, Apple specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

**First Affirmative Defense**

**(Non-Infringement)**

Apple is not infringing, and has not infringed, the Asserted Patents, either directly or indirectly, literally or under the doctrine of equivalents.

**Second Affirmative Defense**
**(Invalidity)**

The claims of the Asserted Patents are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Third Affirmative Defense**
**(Equitable Estoppel, Laches, Waiver and Unclean Hands)**

Plaintiff's claims are barred by the equitable doctrines of estoppel, laches, waiver and/or unclean hands.

**Fourth Affirmative Defense**
**(35 U.S.C. § 287)**

Any claim for damages for patent infringement by Plaintiff is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

**Fifth Affirmative Defense**
**(Limitation on Damages)**

Plaintiff's claims for monetary relief, if any, are limited by 35 U.S.C. § 286.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaimant Apple Inc. ("Apple"), brings the following counterclaims against Plaintiff/Counterdefendant HTC Corporation("HTC") as follows:

## THE PARTIES

1. Defendant/Counterclaimant Apple is a corporation organized under the laws of California, having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

2. Plaintiff/Counterdefendant HTC alleges in its Complaint that it is a corporation organized and existing under the laws of Taiwan, R.O.C., with its principal place of business at 23 Xinghua Rd., Taoyuan City, Taoyuan County 330, Taiwan, R.O.C.

## JURISDICTION AND VENUE

3. On September 7, 2011 HTC filed its Complaint for Patent Infringement alleging that Apple infringes U.S. Patent Nos. 5,418,524 ("the '524 patent"), 5,630,152 ("the '152 patent"), 5,630,159 ("the '159 patent"), and 5, 302, 947 ("the '947 patent") (collectively "the Asserted Patents").

4. This Court has subject matter jurisdiction over Apple's counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States. An actual, substantial and continuing justiciable controversy exists between Apple and HTC, with respect to which Apple requires a declaration of rights. Specifically, the controversy related to the non-infringement and invalidity of the Asserted Patents.

5. By filing its Complaint, HTC has consented to the personal jurisdiction of this Court. This is an action for declaratory relief. This Court has jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM

**(Declaration of Non-Infringement of U.S. Patent No. 5,418,524)**

7. Apple hereby incorporates and realleges paragraphs 1 through 6 above as though fully set forth herein.

8. Plaintiff HTC has sued Apple in the present action, alleging infringement of U.S. Patent No. 5,418,524 ("the '524 patent"). Thus, an immediate, real and justiciable controversy exists between HTC and Apple with respect to the alleged infringement of the '524 patent.

9. HTC also contends that such alleged direct and indirect infringement has caused HTC to suffer damages and that irreparable injury has been caused to HTC.

10. Apple is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '524 patent.

11. Apple is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly any valid, enforceable claim of the '524 patent.

12. Apple has been injured and damaged by HTC's filing of a Complaint against Apple asserting patents that are not infringed by Apple.

13. HTC has also filed this action without a good faith basis, making this an exceptional case. Consequently, HTC is liable for any and all attorneys' fees, expenses and costs incurred by Apple in connection with this action.

## SECOND COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 5,418,524)

14. Apple hereby incorporates and realleges paragraphs 1 through 13 above as though fully set forth herein.

15. HTC has sued Apple in the present action, alleging infringement of the '524 patent. Thus, an immediate, real and justiciable controversy exists between HTC and Apple with respect to the validity of the '524 patent.

16. The claims of the '524 patent are invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

17. Apple has been injured and damaged by HTC's filing a Complaint against Apple asserting patents that are invalid.

18. Based on the foregoing, Apple is entitled to a judgment that the '524 patent is invalid.

19. HTC has also filed this action without a good faith basis, making this an exceptional case. Consequently, HTC is liable for any and all attorneys' fees, expenses and costs incurred by Apple in connection with this action.

## THIRD COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 5,630,152)

20. Apple hereby incorporates and realleges paragraphs 1 through 6 above as though fully set forth herein.

21. Plaintiff HTC has sued Apple in the present action, alleging infringement of the U.S. Patent No. 5,630,152 ("the '152 patent"). Thus, an immediate, real and justiciable

controversy exists between HTC and Apple with respect to the alleged infringement of the '152 patent.

22. HTC also contends that such alleged direct and indirect infringement has caused HTC to suffer damages and that irreparable injury has been caused to HTC.

23. Apple is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '152 patent.

24. Apple is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly any valid, enforceable claim of the '152 patent.

25. Apple has been injured and damaged by HTC's filing of a Complaint against Apple asserting patents that are not infringed by Apple.

26. HTC has also filed this action without a good faith basis, making this an exceptional case. Consequently, HTC is liable for any and all attorneys' fees, expenses and costs incurred by Apple in connection with this action.

## FOURTH COUNTERCLAIM

**(Declaration of Invalidity of U.S. Patent No. 5,630,152)**

27. Apple hereby incorporates and realleges paragraphs 1 through 6 and 20 through 26 above as though fully set forth herein.

28. HTC has sued Apple in the present action, alleging infringement of the '152 patent. Thus, an immediate, real and justiciable controversy exists between HTC and Apple with respect to the validity of the '152 patent.

29. The claims of the '152 patent are invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

30. Apple has been injured and damaged by HTC's filing a Complaint against Apple asserting patents that are invalid.

31. Based on the foregoing, Apple is entitled to a judgment that the '152 patent is invalid.

32. HTC has also filed this action without a good faith basis, making this an exceptional case. Consequently, HTC is liable for any and all attorneys' fees, expenses and costs incurred by Apple in connection with this action.

## FIFTH COUNTERCLAIM

**(Declaration of Non-Infringement of U.S. Patent No. 5,630,159)**

33. Apple hereby incorporates and realleges paragraphs 1 through 6 above as though fully set forth herein.

34. Plaintiff HTC has sued Apple in the present action, alleging infringement of U.S. Patent No. 5,630,159 ("the '159 patent"). Thus, an immediate, real and justiciable controversy exists between HTC and Apple with respect to the alleged infringement of the '159 patent.

35. HTC also contends that such alleged direct and indirect infringement has caused HTC to suffer damages and that irreparable injury has been caused to HTC.

36. Apple is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '159 patent.

37. Apple is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly any valid, enforceable claim of the '159 patent.

38. Apple has been injured and damaged by HTC's filing of a Complaint against Apple asserting patents that are not infringed by Apple.

39. HTC has also filed this action without a good faith basis, making this an exceptional case. Consequently, HTC is liable for any and all attorneys' fees, expenses and costs incurred by Apple in connection with this action.

## SIXTH COUNTERCLAIM

**(Declaration of Invalidity of U.S. Patent No. 5,630,159)**

40. Apple hereby incorporates and realleges paragraphs 1 through 6 and 33 through 39 above as though fully set forth herein.

41. HTC has sued Apple in the present action, alleging infringement of the '159 patent. Thus, an immediate, real and justiciable controversy exists between HTC and Apple with respect to the validity of the '159 patent.

42. The claims of the '159 patent are invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

43. Apple has been injured and damaged by HTC's filing a Complaint against Apple asserting patents that are invalid.

44. Based on the foregoing, Apple is entitled to a judgment that the '159 patent is invalid.

45.     HTC has also filed this action without a good faith basis, making this an exceptional case.  Consequently, HTC is liable for any and all attorneys' fees, expenses and costs incurred by Apple in connection with this action.

## SEVENTH COUNTERCLAIM

**(Declaration of Non-Infringement of U.S. Patent No. 5,302,947)**

46.     Apple hereby incorporates and realleges paragraphs 1 through 6 above as though fully set forth herein.

47.     Plaintiff HTC has sued Apple in the present action, alleging infringement of U.S. Patent No. 5,302,947 ("the '947 patent").  Thus, an immediate, real and justiciable controversy exists between HTC and Apple with respect to the alleged infringement of the '947 patent.

48.     HTC also contends that such alleged direct and indirect infringement has caused HTC to suffer damages and that irreparable injury has been caused to HTC.

49.     Apple is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '947 patent.

50.     Apple is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly any valid, enforceable claim of the '947 patent.

51.     Apple has been injured and damaged by HTC's filing of a Complaint against Apple asserting patents that are not infringed by Apple.

52.     HTC has also filed this action without a good faith basis, making this an exceptional case.  Consequently, HTC is liable for any and all attorneys' fees, expenses and costs incurred by Apple in connection with this action.

## EIGHTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 5,302,947)

53. Apple hereby incorporates and realleges paragraphs 1 through 6 and 46 through 52 above as though fully set forth herein.

54. HTC has sued Apple in the present action, alleging infringement of the '947 patent. Thus, an immediate, real and justiciable controversy exists between HTC and Apple with respect to the validity of the '947 patent.

55. The claims of the '947 patent are invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

56. Apple has been injured and damaged by HTC's filing a Complaint against Apple asserting patents that are invalid.

57. Based on the foregoing, Apple is entitled to a judgment that the '947 patent is invalid.

58. HTC has also filed this action without a good faith basis, making this an exceptional case. Consequently, HTC is liable for any and all attorneys' fees, expenses and costs incurred by Apple in connection with this action.

## JURY DEMAND

Apple demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Apple prays for relief as follows:

A. That HTC's Complaint be dismissed in its entirety with prejudice and that HTC take nothing thereon;

  B.  That HTC's request for injunctive relief against Apple be denied;

  C.  For an entry of judgment declaring that each of the asserted claims of the Asserted Patents are invalid, void, and without force and effect;

  D.  For an entry of judgment declaring that Apple has not infringed and does not infringe, either directly, contributorily or through inducement, literally or under the doctrine of equivalents, any of the claims of the Asserted Patents;

  E.  That Apple be awarded its costs, disbursements and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285, and other provisions of law;

  F.  That Apple be granted such other and further relief as the Court deems just and proper.

Dated: October 31, 2011        By:/s/ Richard K. Herrmann
                 Richard K. Herrmann(#405)
                 Mary B. Matterer (#2696)
                 Kenneth L. Dorsney (#3726)
                 MORRIS JAMES LLP
                 500 Delaware Ave. Ste. 1500
                 Wilmington, DE 19801-1494
                 Telephone: 302-888-6918
                 Facsimile: 302-571-1750
               *Attorneys for Defendant, APPLE INC*.

**Of Counsel:**
Mark D. Fowler
Christine K. Corbett
**DLA Piper LLP (US)**
2000 University Avenue
East Palo Alto, CA.  94303
Phone: 650-833-2000

Kathryn Riley Grasso
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Phone: 202-799-4000