IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| HTC CORPORATION,<br><br>       Plaintiff,<br><br>       v.<br><br>APPLE INC.,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 11-785-GMS<br>)   **REDACTED - PUBLIC VERSION**<br>)<br>)<br>)<br>) |

**PLAINTIFF HTC CORPORATION'S ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT APPLE INC.'S MOTION TO DISMISS UNDER RULE 12(B)(1)
FOR LACK OF STANDING**

YOUNG CONAWAY STARGATT & TAYLOR LLP
Karen L. Pascale (#2903) [kpascale@ycst.com]
James L. Higgins (#5021) [jhiggins@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19899-0391
Telephone: 302-571-6600

OF COUNSEL:

Thomas W. Winland
Steven M. Anzalone
Don O. Burley
John R. Alison
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 408-4000

*Attorneys for Plaintiff, HTC Corporation*

September 10, 2012

01:12486679.1

## **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II. NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 1

III. SUMMARY OF THE ARGUMENT .............................................................................. 2

IV. FACTUAL BACKGROUND .......................................................................................... 2

V.  ARGUMENT ................................................................................................................... 3

    A.  HTC Has Standing to Sue Apple Because It Has Title to the Asserted Patents and Has the Exclusive Right to Sue Apple ................................................. 3

    B.  As a Matter of Law, HTC Holds All Substantial Rights in the Patents-in-Suit ........................................................................................................................... 5

    C.  HTC's License Back of Non-Exclusive Rights to Google Does Not Deprive HTC of Ownership or the Ability to Enforce All Substantial Rights in the Asserted Patents ................................................................................ 6

    D.  The Case Law Upon Which Apple Relies Supports HTC's Position ..................... 7

    E.  HTC's and Google's Agreement Regarding Payment of Consideration for the Asserted Patents Does Not Affect HTC's Standing to Sue Apple .................... 8

    F.  The Google/HTC Common Interest Agreement Is Irrelevant to the Standing Inquiry .................................................................................................... 10

VI. CONCLUSION .............................................................................................................. 11

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Affinion Loyalty Grp., Inc. v. Martiz, Inc.*,
   C.A. No. 04-360-JJF, 2006 WL 1431065 (D. Del. May 22, 2006) ............................................5

*Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*,
   604 F.3d 1354 (Fed Cir. 2010)...................................................................................................6

*David v. Wells*,
   104 U.S. 159 (1881)..............................................................................................................9, 10

*In re QLT Photothearpeutics, Inc.*,
   25 Fed. Appx. 825 (Fed. Cir. 2001)........................................................................................11

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*,
   248 F.3d 1333 (Fed. Cir. 2001)..................................................................................................5

*Lawrence v. McCalmont*,
   43 U.S. 426 (1844).....................................................................................................................9

*Minebea Co., Ltd. v. Papst*,
   228 F.R.D. 13 (D.D.C. 2005)...................................................................................................11

*Morrow v. Microsoft Corp.*,
   499 F.3d 1322 (Fed. Cir. 2007)..................................................................................................6

*New Medium Techs. LLC v. Barco N.V.*,
   644 F.Supp.2d 1049 (N.D. Ill. 2007) ........................................................................................8

*Ortho Pharm. Corp. v. Genetics Inst., Inc.*,
   52 F.3d 1026 (Fed. Cir. 1995)....................................................................................................6

*Prima Tek II, L.L.C., v.A-Roo Co.*,
   222 F.3d 1372 (Fed. Cir. 2000) .................................................................................................8

*Propat Int'l Corp. v. RPost, Inc.*,
   473 F.3d 1187 (Fed. Cir. 2007).................................................................................4, 5, 6, 7, 8

*Sicom Sys. Ltd. v. Agilent Techs., Inc.*,
   427 F.3d 971 (Fed. Cir. 2005)............................................................................................5, 6, 7

*Texas Instruments v. Cypress Semiconductor Corp.*,
   90 F.3d 1558 (Fed. Cir. 1996)....................................................................................................4

01:12486679.1

ii

*Textile Prods., Inc. v. Mead Corp.*,
    134 F.3d 1481 (Fed. Cir. 1998) .................................................................................7

*WiAV Solutions LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010) ..........................................................................4, 6, 7

**FEDERAL STATUTES**

35 U.S.C. § 261 ................................................................................................................3

**RULES**

Fed. R. Civ. P. 12(b)(1) ....................................................................................................1

Fed. R. Civ. P. 19(a) ...................................................................................................8, 11

## I. INTRODUCTION

Plaintiff HTC Corporation ("HTC") opposes Apple Inc.'s ("Apple") motion to dismiss this action under Fed. R. Civ. P. 12(b)(1) for lack of standing (D.I. 49). Apple wrongly asserts that HTC (i) failed to obtain all right, title, and interest in and to U.S. Patent Nos. 5,418,524; 5,630,152; 5,630,159; and 5,302,947 (the "Asserted Patents"), and/or (ii) does not hold all substantial rights under the Asserted Patents. HTC in fact owns all right, title, and interest in and to the Asserted Patents, and controls all substantial rights under the Asserted Patents. In its attempt to prove otherwise, Apple's motion and opening brief distort the operative facts and misconstrue longstanding principles of patent assignment, constitutional standing, and prudential jurisdiction. Apple's logic results in the absurd and inequitable proposition that neither HTC nor any other person can sue Apple for infringement of the Asserted Patents. Apple's legal reasoning lacks merit and its motion should be denied.

## II. NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case in which HTC has asserted four of its patents against Apple. On September 7, 2011, HTC filed the Complaint. (D.I. 1.) October 31, 2011, Apple filed an Answer and Counterclaims. (D.I. 7.) The parties are engaged in discovery. HTC served its initial infringement contentions on August 31, 2012. On August 1, 2012, the parties moved for a stay, which the Court denied. (D.I. 52.) Apple will serve its invalidity contentions this month and the parties will exchange claim construction terms in October. In accordance with the Court's Scheduling Order (D.I.24), opening claim construction briefs are due on November 20, 2012, and answering briefs are due on December 17, 2012. A *Markman* hearing is scheduled to be held on February 19, 2013.

## III. SUMMARY OF THE ARGUMENT

HTC owns the Asserted Patents. HTC alone has the right to exclude Apple from practicing the claimed technology and to recover damages from infringement. HTC has suffered legally cognizable harm by Apple's infringement of the Asserted Patents, redressable by a judgment of this Court. Accordingly, HTC has standing to sue Apple.

## IV. FACTUAL BACKGROUND

On August 29, 2011, Kent Walker, General Counsel of Google Inc. ("Google"), executed and delivered to HTC an "Assignment of Patent Rights" (the "Assignment") irrevocably transferring to HTC, without any reservation of rights, "all . . . right, title, and interest" in the four "Asserted Patents." (Declaration of Laura Masurovsky in Support of HTC's Answering Brief in Opposition to Apple's Motion to Dismiss ("Masurovsky Dec."), Ex. 1):

> For good and valuable consideration, the receipt of which is hereby acknowledged, Assignor [Google] agrees to and does hereby *irrevocably sell assign, transfer and convey* unto said Assignee [HTC], and Assignee hereby accepts, *all of Assignor's [Google's] right, title, and interest (i) in and to the Patents* [identified in the Patent Annex attached hereto] . . . .

(*Id.* (emphasis added).) (Masurovsky Dec., Ex. 2 at § 3.1.)

The Assignment further expressly granted to HTC "all right, title, and interest" in and to all past and future causes of action and enforcement rights for infringement of the Asserted Patents, including both damages and injunctive relief:

> Assignor [Google] agrees to and does hereby *irrevocably sell, assign, transfer* and *convey* unto said Assignee [HTC] . . . *all of Assignor's right, title and interest* . . . (ii) in and to causes of action and enforcement rights for the Patents *including all rights to pursue damages, injunctive relief and other remedies for past and future infringement* of the Patents.

(Masurovsky Dec., Ex. 1 (emphasis added).) *See also* Masurovsky Dec., Ex. 2 at § 3.2.) On September 1, 2011, HTC duly recorded the Assignment with the USPTO in compliance with 35 U.S.C. § 261. (Masurovsky Dec., Ex. 3.)



(Masurovsky Dec., Ex. 2 at §§ 2.3(a)-(c).)

## V. ARGUMENT

### A. HTC Has Standing to Sue Apple Because It Has Title to the Asserted Patents and Has the Exclusive Right to Sue Apple

Standing to sue for patent infringement is analyzed under the twin doctrines of constitutional and prudential standing. On the one hand, "the touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary

01:12486679.1

right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010). On the other hand, the judicially-imposed rule of prudential standing requires a patentee who does not hold all substantial rights to an asserted patent (e.g., because it has granted one or more exclusive license rights to another) to join all other right-holders in the patent as parties to the lawsuit. This can be done at any point during the course of litigation. *Id.* at n. 1; *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1193 (Fed. Cir. 2007).

HTC has both constitutional and prudential standing to sue Apple on the Asserted Patents. [REDACTED] Thus, HTC is the sole owner of the HTC patents-in-suit. HTC also holds all substantial exclusionary rights to the Asserted Patents. Apple cannot dispute that HTC holds the following unfettered exclusionary rights in the patents:

- The sole and exclusive right to sue Apple for infringement;
- The sole and exclusive right to collect damages from Apple and to enjoin Apple for its infringement; and
- The sole and exclusive right to settle with Apple by license, release, or assignment.

(*Id.* at §3.2). Based on these substantial rights, Apple cannot seriously argue to this Court that HTC is a mere licensee. As set forth in the Assignment and Agreement, HTC holds *all* rights, title, and interest in the patents-in-suit, as well as *all* exclusionary rights to sue Apple. Apple's importation and sale of the accused products violates those rights, causing legal injury to HTC. Thus, HTC satisfies both constitutional and prudential standing requirements.[1]

---

[1] HTC respectfully disagrees with the International Trade Commission's decision attached to Apple's motion papers (Ex. B to D.I. 51). The decision is not binding on this Court. *Texas Instruments v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996).

Also, while HTC does not believe it is necessary, if the Court concludes that for prudential standing reasons Google should be joined, HTC respectfully seeks leave to join Google as a nominal party. Under well-settled Federal Circuit law, in circumstances where constitutional standing is satisfied, joinder for prudential standing may be effected at any time during the litigation. *See, e.g., Propat Int'l Corp.*, 473 F.3d at 1193 (permitting remedy for prudential standing issue).

**B.     As a Matter of Law, HTC Holds All Substantial Rights in the Patents-in-Suit**

Contrary to Apple's erroneous argument that Google "controls" the enforcement of the patents (Apple's Opening Brief (D.I. 50) ("Op. Brf.") at 8), only HTC has the right to enforce the Asserted Patents.



Under well-settled Federal Circuit law "a nonexclusive license confers no constitutional standing on the licensee to bring suit *or even to join a suit with the patentee* because a nonexclusive licensee suffers no legal injury from infringement." *See Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) (emphasis added); *Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001).

*Affinion Loyalty Grp., Inc. v. Martiz, Inc.*, C.A. No. 04-360-JJF, 2006 WL 1431065 (D. Del. May 22, 2006) (Farnan, J.).

01:12486679.1

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Under Apple's analysis, a patentee who granted a non-exclusive license with sublicensing rights would be barred from suing anyone for patent infringement, *notwithstanding the absence of actual sublicense grants*, contrary to decades of established Federal Circuit case law and the well-settled expectations of the business community. With that flawed logic, Apple essentially argues that no one can sue Apple for its infringement of the Asserted Patents. That cannot be, and is not, the correct result.



The "first step" in determining who has standing to sue suspected infringers "is to determine whether the license is exclusive or non-exclusive." *See Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed Cir. 2010). A non-exclusive license provides its holder with, at most, immunity from suit equivalent to a covenant by HTC not to sue Google or its licensees under the Asserted Patents. *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1341 (Fed. Cir. 2007); *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005). Thus, while a grant of exclusive rights both restricts the patentee's substantial rights and gives rise to new substantial rights in others relevant to standing, the mere grant of non-exclusive rights does not.

The "license" rights at issue in the cases Apple cites in the "sublicensing" sections of its opening brief—e.g., *WiAV, Speedplay, Propat, Vaupel*—all focus on the existence or absence of *exclusive* license rights. The determinative issue in such cases focuses on "whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the

party holding the exclusionary right to suffer legal injury." *WiAV*, 631 F.3d at 1265 (describing "the touchstone of constitutional standing in a patent infringement suit"). ▬▬▬▬

▬▬▬▬ Apple's failure to do so is hardly surprising because a *non-exclusive* right conveys nothing more than a defense against the patentee— an immunity from suit, and not a substantial right shared by the patentee and another, enabling such other to sue an alleged infringer. ▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

### D. The Case Law Upon Which Apple Relies Supports HTC's Position

Even the cases that Apple cites in its opening brief strongly support HTC's position that it has standing to sue Apple. For example, in *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1484-85 (Fed. Cir. 1998) (Op. Brf. at 8), the plaintiff was only an exclusive supplier and not an exclusive licensee. Here, HTC is far more than an exclusive supplier and more than an exclusive licensee: HTC irrevocably owns, by a written and recorded Assignment, all right, title and interest in and to the Asserted Patents, and can enforce those patents without reservation of rights, prior approval or veto by Google. Accordingly, HTC holds all substantial rights in the patents-in-suit and has standing to sue Apple.

Likewise, in both *Propat Int'l Corp.*, 473 F.3d at 1190-93, and *Sicom*, 427 F.3d at 976 (Op. Brf. at 10), the plaintiff lacked standing to sue in its own name because the patentee retained rights to veto licensing, litigation, or assignment of plaintiff's rights, and/or the responsibility to maintain the patents. *Id.* ▬▬▬▬

████████████████. Accordingly, HTC holds all substantial rights in the patents-in-suit and has standing to sue Apple.

In *Prima Tek II, L.L.C., v. A-Roo Co.*, 222 F.3d 1372, 1381 (Fed. Cir. 2000) (Op. Brf. at 10), the plaintiff had no rights to exclude under the patents, and thus, lacked standing. In stark contrast, here, HTC alone has the rights to exclude under the Asserted Patents. HTC alone has the right to enforce the Asserted Patents, and to collect damages. Accordingly, HTC has standing to sue Apple.

Finally, *New Medium Techs. LLC v. Barco N.V.*, 644 F.Supp.2d 1049 (N.D. Ill. 2007) (Op. Brf. at 11), reinforces HTC's standing in this case. There, the district court declined to dismiss the case for lack of standing where additional parties were necessary to satisfy the prudential standing requirement. *Id.* at 1061. If this Court finds that Google's participation as a co-plaintiff is necessary to meet the requirements of prudential standing, the Court should deny Apple's motion to dismiss and provide HTC the opportunity to join Google pursuant to Fed. R. Civ. P. 19(a) so that this case may proceed. *See, e.g., Propat Int'l Corp.*, 473 F.3d at 1193.



██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████ It is a business decision, not a matter of substantial rights.

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Apple's arguments misconstrue the Agreement between HTC and Google. ████████████

██████████████████████████████████████████████████████████████

███ (Masurovsky's Dec., Ex. 2 at § 2.3(a).) ██████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████ *See, e.g.*, *David v. Wells*, 104 U.S. 159, 168 (1881) (holding that a stipulation in consideration of one dollar is just as effective and valuable as a larger sum); *Lawrence v. McCalmont*, 43 U.S. 426, 439 (1844).

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

01:12486679.1

9



Apple's characterization of Google's and HTC's business deal as good or bad is simply irrelevant as the fact of standing is the same in either scenario. The amount or manner of consideration in an agreement has long been entirely irrelevant to the legally binding contractual assignment of rights and obligations. *See, e.g., David v. Wells*, 104 U.S. at 168. In short, HTC owns and can freely exercise all substantial rights in the Asserted Patents.

(Op. Brf. at 12-14.)

████████████████████████████ Moreover, HTC points out that it properly logged all privileged attorney correspondence between Google and HTC in its privileged document log. Apple has never challenged the propriety of HTC's privilege log entries or asked the ITC Administrative Law Judge to review HTC's withheld attorney-client privileged documents, as is customary when such issues arise. *See, e.g.*, *In re QLT Phototherapeutics, Inc.*, 25 Fed. Appx. 825, 825-26 (Fed. Cir. 2001); *Minebea Co., Ltd. v. Papst*, 228 F.R.D. 13, 17-18 (D.D.C. 2005). Apple's position is a red-herring, as its failure to challenge HTC's privileged log entries clearly shows.

## VI. CONCLUSION

For the foregoing reasons, the Court should deny Apple's motion to dismiss. Alternatively, if the Court concludes that there are "prudential" issues requiring the addition of another party (i.e., Google) to this case, HTC respectfully asks that it be permitted the opportunity to join Google pursuant to Fed. R. Civ. P. 19(a), or to take such other action as this Court may deem proper, so that this case may proceed.

September 10, 2012

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903) [kpascale@ycst.com]
James L. Higgins (#5021) [jhiggins@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19899-0391
Telephone: (302) 571-6600

*Attorneys for Plaintiff, HTC Corporation*

OF COUNSEL:

Thomas W. Winland
Steven M. Anzalone
Don O. Burley
John R. Alison
**FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER LLP**
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 408-4000

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 18, 2012, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record in the manner indicated:

*By E-Mail*
Richard K. Herrmann [rherrmann@morrisjames.com]
Mary B. Matterer [mmatterer@morrisjames.com]
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Mark D. Fowler [mark.fowler@dlapiper.com]
Christine K. Corbett [christine.corbett@dlapiper.com]
Aaron Wainscoat [aaron.wainscoat@dlapiper.com]
Robert Buergi [robert.buergi@dlapiper.com]
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2214

Kathryn Riley Grasso [kathryn.riley@dlapiper.com]
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297

*Attorneys for Defendant, Apple Inc.*

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903) [kpascale@ycst.com]
James L. Higgins (#5021) [jhiggins@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19899-0391
Telephone: 302-571-6600

*Attorneys for Plaintiff, HTC Corporation*