**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HTC CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>       Defendant. | Civil Action No. 11-785 (GMS)<br><br>**REDACTED-PUBLIC VERSION** |

**APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
<u>UNDER RULE 12(B)(1) FOR LACK OF STANDING</u>**

                                                      Richard K. Herrmann (#405)
                                                      Mary B. Matterer (#2696)
                                                      500 Delaware Avenue, Suite 1500
                                                      Wilmington, DE  19801
                                                      (302) 888-6800
                                                      mmatterer@morrisjames.com

                                                      *Attorneys for Defendant*
                                                      *Apple Inc.*

<u>*Of Counsel*</u>

Mark Fowler (*Pro Hac Vice*)
Christine Corbett (*Pro Hac Vice*)
Carrie Williamson (*Pro Hac Vice*)
Krista Celentano (*Pro Hac Vice*)
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2215
Phone: (650) 833-2065
Fax:     (650) 687-1204


Dated: September 20, 2012

Public version filed October 3, 2012

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.    ARGUMENT ....................................................................................................................... 2

    A.    HTC's Opposition Supports Apple's Position that HTC Does Not Hold Constitutional Standing ............................................................................................ 2

        1.    HTC's Reliance On Prudential Standing Is Misplaced and Irrelevant ............... 4

    B.    HTC Does Not Hold All Substantial Rights In the Asserted Patents ........................ 4

    C.    HTC's Argument That [REDACTED] Supports Apple's Position ............................................................. 5

    D.    HTC Does Not Dispute that Google Has A Legal Interest In The Asserted Patents . 6

III.    CONCLUSION .................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**CASES**

*Gaia Tech., Inc. v. Reconversion Tech., Inc.*,
    93 F.3d 774, 780 (Fed. Cir. 1996)..................................................................................... 4

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*,
    248 F.3d 1333, 1345 (Fed. Cir. 2001) ................................................................................ 4

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332, 1342 (Fed. Cir. 2007) ................................................................................ 3

*Paradise Creations, Inc. v. UV Sales, Inc.*,
    315 F.3d 1304, 1310 (Fed. Cir. 2003) ............................................................................ 2, 4

*Propat Int'l Corp. v. Rpost, Inc.*,
    473 F.3d 1187, 1193-94 (Fed. Cir. 2007) ........................................................................... 4

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
    263 F.R.D. 142, 146 (D. Del. 2009) .................................................................................. 7

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
    402 F.3d 1198, 1203 (Fed. Cir. 2005) ................................................................................ 4

*Speedplay, Inc. v. Bebob, Inc.*,
    211 F.3d 1245, 1251(Fed. Cir. 2000) ................................................................................. 5

*Weeks Marine, Inc. v. United States*,
    575 F.3d 1352, 1374 (Fed. Cir. 2009) ................................................................................ 3

*WiAV Solutions LLC v. Motorola, Inc.*,
    631 F.3d 1257, 1265 (Fed. Cir. 2010) ............................................................................ 2, 3

**RULES**

Fed. R. Civ. P. 12(b)(1)............................................................................................................ 1

## I.     INTRODUCTION

Plaintiff HTC Corporation's ("HTC") Opposition to Defendant Apple Inc.'s ("Apple") Motion to Dismiss Under Rule 12(b)(1) For Lack of Standing does nothing more than rely upon irrelevant terms in the Patent Purchase Agreement ("Agreement") and misapply the law relevant to standing in patent infringement suits.  In fact, rather than apply the correct legal standards for standing in patent infringement actions, HTC simply presents circular arguments that it has substantial interest in the Asserted Patents[1] because the Agreement purportedly transferred all right, title, and interest to HTC.  However, the substance of the Agreement speaks volumes over the nomenclature used in the Agreement.

Indeed, HTC attempts to rewrite the requirements of constitutional standing in patent infringement actions to simply require alleged title and the exclusive right to sue.  However, constitutional standing requires that HTC have and maintain a legally redressable injury in order to bring suit as well as obtain all substantial rights in the Asserted Patents.  Under the terms of the Agreement, HTC ███████████████████████████████████ Even more, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ And, contrary to HTC's argument, the fact that ███████████████████████████████████████████████████████████████████████████████████████████████████ ███████████████████████████

HTC's failure to correctly apply the law and reliance on irrelevant facts underscore HTC's lack of standing in this action.  As such, Apple respectfully requests that the Court grant Apple's motion and dismiss this action in its entirety.

---

[1] U.S. Patent No. 5,418,524 ("the '524 patent"), U.S. Patent No. 5,630,152 ("the '152 patent"), U.S. Patent No. 5,630,159 ("the '159 patent"), and U.S. Patent No. 5,302,947 ("the '947 patent") (collectively "the Asserted Patents").

## II. ARGUMENT

### A. HTC's Opposition Supports Apple's Position that HTC Does Not Hold Constitutional Standing

According to HTC, HTC "has standing to sue Apple because it has title to the Asserted Patents and has the exclusive right to sue Apple." Opp'n at 3. In so doing, HTC misstates the applicable law regarding a plaintiff's ability to sue in a patent infringement action. In order to bring suit, HTC *must* demonstrate that it holds constitutional Article III standing at the time the suit is filed, and absent such a showing the case must be dismissed. *Paradise Creations, Inc. v. UV Sales, Inc.,* 315 F.3d 1304, 1310 (Fed. Cir. 2003) ("[T]he appellant in this case held no enforceable rights whatsoever in the patent at the time it filed suit, and therefore lacked a cognizable injury necessary to assert standing under Article III of the Constitution. Such a defect in standing cannot be cured after the inception of the lawsuit.") (citations omitted). The "touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *WiAV Solutions LLC v. Motorola, Inc.,* 631 F.3d 1257, 1265 (Fed. Cir. 2010), reh'g denied (Feb. 4, 2011).

HTC ignores this well-settled case law and argues without citation to a single legal authority that constitutional standing can be satisfied by simply holding "title" and the "exclusive right to sue." Opp'n at 3. However, simply holding title and the right to bring suit does not in and of itself grant HTC an exclusionary right that would cause HTC to "suffer legal injury." Instead, the correct inquiry to determine constitutional standing is "whether [Plaintiff] has shown that it has the right under the patents to exclude *the Defendants* from engaging in the alleged infringing activity and therefore is injured by the Defendants' conduct" *WiAV Solutions,* 631

F.3d at 1267 (party alleging exclusionary rights "lacks standing to sue a party who has the ability to obtain such a license from another party with the right to grant it").

Here, HTC has not and cannot deny that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ HTC's only argument in response to this fatal flaw is that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp'n at 5 (emphasis in original). However, whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The mere fact that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See WiAV Solutions*, 631 F.3d at 1267 (holding that the relevant inquiry is whether a third-party *can* license the defendants to practice the patents).



Moreover, HTC's argument that if HTC or HTC in combination with Google does not have standing to sue, then no party has standing to sue, is irrelevant to a constitutional standing analysis. *See, e.g., Weeks Marine, Inc. v. United States,* 575 F.3d 1352, 1374 (Fed. Cir. 2009) ("[S]tanding is not created by the absence of parties with proper standing. The assumption that if respondents have no standing to sue, no one would have standing, is not a reason to find standing. This view would convert standing into a requirement that must be observed only when satisfied. The fact that no party could satisfy the usual requirements for standing does not create standing in a party who has not suffered injury.") (citations omitted); *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1342 (Fed. Cir. 2007) (finding that patent rights may be divided in such a way that no party has the ability to bring a patent infringement suit).

As such, HTC does not have exclusionary rights to the Asserted Patents and, therefore, no constitutional standing to bring suit against Apple as to the Asserted Patents.

**1.     HTC's Reliance On Prudential Standing Is Misplaced and Irrelevant**

HTC makes an unsupported last ditch request, without any legal analysis, to join Google as a nominal party should the Court find that HTC lacks prudential standing. Opp'n at 5. HTC's lack of legal analysis in this regard is not surprising given that joinder for prudential standing is inapplicable here given that it is only permitted where constitutional standing is satisfied. Here, for the reasons previously discussed, HTC lacks constitutional standing and, as such, "the jurisdictional defect cannot be cured by the addition of a party with standing…." *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.,* 402 F.3d 1198, 1203 (Fed. Cir. 2005) (citing *Paradise Creations, Inc.,* 315 F.3d at 1309 and *Gaia Tech., Inc. v. Reconversion Tech., Inc.,* 93 F.3d 774, 780 (Fed. Cir. 1996)).

Moreover, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.,* 248 F.3d 1333, 1345 (Fed. Cir. 2001) ("a nonexclusive license or 'bare' license…confers no constitutional standing on the licensee under the Patent Act to bring suit or even to join a suit…because a nonexclusive (or 'bare') licensee suffers no legal injury from infringement."); *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1193-94 (Fed. Cir. 2007) ("[A] bare licensee…lacks standing to sue third parties for infringement of the patent.").

**B.     HTC Does Not Hold All Substantial Rights In the Asserted Patents**

In an attempt to muddy the issue, rather than focusing on rights that HTC purports to have under the Agreement, HTC spends considerable time discussing the rights that Google does not have. However, the issue here is not whether Google has the right to enforce the Asserted Patents, the issue is whether HTC holds all substantial rights in the Asserted Patents. The answer is no, for the simple fact, among other things, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Corbett Decl., Ex. A at § 3.4 .

Notably, HTC does not distinguish the clear holding in *Speedplay, Inc. v. Bebob, Inc.*, 211 F.3d 1245, 1251 (Fed. Cir. 2000), wherein the Federal Circuit held that even though the grantor retained the right to sue, such a right was illusory because "Speedplay can render that right nugatory by granting the alleged infringer a royalty-free sublicense." *Id*. at 1251. For this reason alone, HTC does not hold all substantial rights and, therefore, has no standing to sue Apple.

HTC then spends considerable time addressing ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ Such an argument, however, is nothing more than a red-herring. The issue here is not, as HTC argues, that HTC ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Corbett Decl., Ex. A at § 3.4 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (emphasis added). As such, since ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ HTC lacks substantial rights in the Asserted Patents.

### C. HTC's Argument That HTC Must ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Supports Apple's Position

HTC provides an unsupported argument that HTC agreed for ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Agreement essentially requires HTC to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

5



In fact, if HTC decides to ▇▇▇ ▇▇▇ Corbett Decl., Ex. A at § 2.3(a).  Should HTC ▇▇▇ *Id.* at § 2.3(b).  Finally, ▇▇▇ *Id.* at § 2.3(c).

These ▇▇▇ Opp'n at 10. ▇▇▇

### D. HTC Does Not Dispute that Google Has A Legal Interest In The Asserted Patents

HTC does not substantively address the fact that HTC's reliance ▇▇▇ further highlights Google's continuing *legal* interest in the Asserted Patents.  Instead, HTC simply argues that Apple's attorneys in a different proceeding did not challenge the proprietary of HTC's reliance on the common interest privilege.

Notably, HTC does not dispute that the common interest privilege requires that Google and HTC "share at least a substantially similar legal interest." *Robert Bosch LLC v. Pylon Mfg.*

*Corp.*, 263 F.R.D. 142, 146 (D. Del. 2009). HTC also does not dispute that, by relying on the common interest privilege, Google maintains a significant *legal* interest in the Asserted Patents.

### III. CONCLUSION

In view of the foregoing, Apple respectfully requests an Order granting its Motion to Dismiss and dismissing this action in its entirety.

Dated: September 20, 2012

Public version filed October 3, 2012

/s/ *Mary B. Matterer*
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

*Of Counsel:*

Mark D. Fowler
Christine K. Corbett
Robert Buergi
**DLA Piper LLP (US)**
2000 University Avenue
East Palo Alto, CA. 94303
Phone: 650-833-2000

Kathryn Riley Grasso
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Phone: 202-799-4000

*Attorneys for Defendant, APPLE INC.*

7